UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABDOULAYE TRAORE,

                Plaintiff,

-against-

NEW YORK STATE DIVISION OF PAROLE;
PRS TARJI SMITH; SPO TUCKER; PAROLE
OFFICER A. HAMILTON,

                Defendants.

22-CV-1431 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR AMENDED IFP APPLICATION

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Abdoulaye Traore brings this action *pro se*.[1] To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Additionally, Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

---

[1] Plaintiff filed his complaint after he had been released from New York City Department of Correction (DOC) custody, though it appears that he prepared his complaint while he was still in DOC custody.

Plaintiff submitted an IFP application without a signature and he does not fully answer the questions pertaining to his financial situation. In question 3, Plaintiff checks the boxes indicating that he does not receive income from any of the listed sources, and Plaintiff fails to answer the follow-up question asking him to explain how he pays his expenses. (ECF No. 1 at 1-2.) Plaintiff answers "None" and "No" to questions 4-8. (*Id.* at 2.)

Because Plaintiff's IFP application is unsigned, and it is unclear whether Plaintiff has sufficient funds to pay the filing fees for this action, the Court is unable to make a ruling on Plaintiff's request to proceed IFP. Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or complete, sign, and submit the attached amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 22-CV-1431 (LTS). If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

3

The Clerk of Court is directed to mail a copy of the order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  March 22, 2022
         New York, New York

                                      /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                               Chief United States District Judge