UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

ABDOULAYE TRAORE,

        Plaintiff,

-against-

NEW YORK STATE DIVISION OF PAROLE;
PRS TARJI SMITH; SPO TUCKER; PAROLE
OFFICER A. HAMILTON,

        Defendants.

22-CV-1431 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated November 4, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, Plaintiff's complaint is dismissed.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Abdoulaye Traore brings this complaint alleging that Defendants' actions, which Plaintiff describes as "vindictive and malicious," caused Plaintiff to be held beyond his maximum expiration date. (ECF No. 2 at 4, 5.) Plaintiff, who was discharged from parole on January 22, 2022,[1] alleges that he was released to parole supervision on October 15, 2019, with a maximum expiration date of November 2, 2021. (*Id.* at 4.) He asserts that, immediately upon his release from prison, he secured employment at the Borough of Manhattan Community College ("BMCC"). Plaintiff alleges that he was being harassed by Defendants, causing the director of

---

[1] *See* https://publicapps.doccs.ny.gov/ParoleeLookup/

BMCC to contact the New York State Division of Parole ("Division of Parole") to complain about the harassment. (*Id.*)

Following the director's complaint, Plaintiff's parole officer was changed to Parole Officer Christina Venable and, during her approximately two-year supervision, Plaintiff never received a violation. With 100 days of parole supervision remaining, Plaintiff's parole officer was changed to Defendant Hamilton. (*Id.*) Plaintiff asserts that he was working, attending the programs recommended by the Division of Parole, and residing with his family in a stable home environment. Plaintiff asserts further that, during the remaining 100 days of parole supervision, Defendant Hamilton filed several violation charges, all of which were technical violations. Plaintiff alleges that one violation involved an incident with Plaintiff's mother, who did not wish to press charges and signed an affidavit that nothing of a criminal nature occurred. Although Plaintiff's mother declined to press charges, Plaintiff was criminally charged, arraigned on the criminal charges and immediately released, but he remained detained on a parole hold because of technical violations. (*Id.* at 5, 6.)

By February 18, 2022, when Plaintiff filed this complaint, he had been released from custody and discharged from parole. He brings this complaint seeking $125 million dollars in damages.

## DISCUSSION

**A.      Claims against the New York State Division of Parole**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has

3

not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the New York State Division of Parole are therefore barred by the Eleventh Amendment and are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.**     **Claims against PRS Tarji Smith and SPO Tucker**

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Here, Plaintiff does not allege any facts describing how PRS Tarji Smith and SPO Tucker were personally involved in the events underlying his claims. Plaintiff does not even reference these two Defendants in the body of the complaint. The Court therefore dismisses Plaintiff's claims against Defendants Smith and Tucker for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Claims against Parole Officer A. Hamilton

Plaintiff's allegation that Defendant Hamilton's filing of technical parole violations caused Plaintiff to be held beyond his maximum expiration date may be construed as a challenge to the sentence that Plaintiff received for the parole violation. The United States Supreme Court has determined:

> that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]") (footnote omitted)). This rule, originally articulated by the Supreme Court in *Heck*, has been extended to Section 1983 actions that challenge the fact or duration of confinement based on a parole revocation. *E.g., Lee v. Donnaruma*, 63 F. App'x 39, 40-41 (2d Cir. 2003) (summary order); *McClinton v. Henderson*, No. 13-CV-3335, 2014 WL 2048389, at *5 (E.D.N.Y. May 19, 2014).

Plaintiff does not assert that any court, state or federal, ever reversed, expunged, declared invalid, or called into question any sentence imposed on Plaintiff. Because the sentence has not been challenged successfully by Plaintiff, he is barred by *Heck* from seeking monetary relief for the imposition of this sentence. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:     January 13, 2023
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge